JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIESHONNA LEWIS,<br><br>            Plaintiff,<br>   v.<br>ARAMARK HEALTHCARE SUPPORT SERVS., LLC, and Does 1100, inclusive,<br><br>            Defendants. | Case No. 2:13-cv-05991-ODW (Ex)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

On August 15, 2013, Defendant Aramark Healthcare Support Services removed this action to federal court. Having carefully considered the papers filed in conjunction with Aramark's Notice, the Court concludes that Aramark has failed to meet its burden on removal of establishing this Court's subject-matter jurisdiction over this case. The Court therefore **REMANDS** this case to the Los Angeles Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and

"[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or where diversity of citizenship exists under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Where a plaintiff does not specify a particular damages figure in the state-court complaint, the removing defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Evidence a court may consider includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Additionally, in determining the amount in controversy, the Court may include the request for punitive damages and emotional distress damages if they are recoverable under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002). California law allows the recovery of punitive damages based on claims for violations of FEHA, wrongful termination, and intentional infliction of emotional distress. *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 176 (1980); *Simmons*, 209 F. Supp. 2d at 1033. To establish emotional distress and punitive damages, "defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*, 209 F. Supp. 2d at 1033.

Finally, in ordinary diversity cases, a request for attorney's fees cannot be included in the jurisdictional amount unless an underlying statute authorizes an award

of attorney's fees. *Lowdermilk*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)). But even when including attorneys' fees, a court "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. Ultimately, the defendant must overcome "the strong presumption against removal jurisdiction" by "setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" the required $75,000. *Gaus*, 980 F.2d at 567.

Lewis's state-court Complaint did not specify the damages she seeks. Therefore, as the proponent of federal jurisdiction, Aramark bore the burden on removal to establish by specific facts or summary-judgment-like evidence, or both, that it is more likely than not that the amount in controversy exceeds $75,000 in this case. Aramark has not met this burden.

At the time of removal, Aramark calculated that lost wages totaled approximately $30,960. (Notice of Removal 16.) Thus, Aramark must demonstrate that the sum of the remaining damages satisfies the jurisdictional minimum. Aramark is correct that the Court may consider the aggregate value of claims for lost wages, emotional-distress damages, punitive damages, and attorneys' fees to determine the jurisdictional amount. But Aramark does not present any "underlying facts supporting its assertion that the amount in controversy exceed[ed]" $75,000, *Gaus*, 980 F.2d at 567. Instead, Aramark merely asserts that "[w]ere Plaintiff to prevail in this action, the damages *could* exceed $75,000," because Lewis alleges twelve causes of action and seeks to recover several categories of damages. (Notice of Removal 15 (emphasis added).) Aramark's allegations regarding punitive and emotional-distress damages,[1] and attorney's fees[2] are similarly anemic.

---

[1] "In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages." (Notice of Removal 17 (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 33, 34748 (1977)).

[2] Aramark correctly states that "Courts have held that an award of attorneys' fees, if such fees are authorized may be considered for purposes of calculating the amount in controversy. (Notice of

Aramark's bald citations to cases that simply authorize courts to attorneys' fees and emotional distress damages in calculating the jurisdictional minimum are entirely insufficient to meet Aramark's burden to establish the amount in controversy by a preponderance of the evidence. Aramark must prove sufficiently analogous *facts* supporting the jurisdictional amount. *Simmons*, 209 F. Supp. 2d at 1031.

For example, in its discussion of punitive damages Aramark merely asserts that "California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions." (Notice of Removal 18 (citing *Simmons*, 209 F. Supp 2d at 1029).) But Aramark points to no analogous underlying facts in *Simmons* or any other case that demonstrate that a substantial punitive damage award may similarly be awarded in this action.

Absent evidence of jury verdicts in other cases and explanation of how those cases represent conduct analogous to the conduct Aramark allegedly directed at Lewis, the Court can only speculate whether Lewis could draw similar damages awards here sufficient to meet the amount in controversy required to sustain this Court's exercise of diversity jurisdiction. The failure to provide the Court with any examples of analogous jury verdicts renders Aramak's citation to those cases meaningless.

Because the Court finds that Aramark has not met its burden on removal to establish that the amount in controversy in this case exceeds $75,000, the Court must

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

Removal 19 (citing *Galt G/S*, 142 F.3d at 1155–56.) But Aramark fails to offer *any* facts relevant to this particular case.

1  reject federal jurisdiction over this action.  The Court therefore **VACATES** the
2  October 28 scheduling conference in this matter (ECF No. 7) and **REMANDS** this
3  case to the Los Angeles County Superior Court.  The Clerk of Court shall close this
4  case.
5  **IT IS SO ORDERED.**
6  August 21, 2013

8  _____
9  **HON. OTIS D. WRIGHT, II**
   **UNITED STATES DISTRICT JUDGE**